IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVERT J. JONES, # M-41707, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00025-NJR |
| | ) |
| PINCKNEYVILLE CORRECTIONAL CENTER, DONALD GAETZ, CHRISTINA BROWN, and DR. SHAH, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Levert Jones, an inmate currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Plaintiff underwent a colostomy just before he was incarcerated. As a result, he wears a colostomy bag. Plaintiff alleges that he was supposed to undergo surgery to remove the colostomy bag more than a year ago, but the surgery has been delayed unnecessarily. Plaintiff now sues Pinckneyville Correctional Center ("Pinckneyville"), Donald Gaetz (warden), Dr. Shah (physician), and Christina Brown (nursing director) for allegedly violating his right to receive adequate medical care under the Eighth and Fourteenth Amendments. He seeks declaratory judgment, monetary damages, and injunctive relief.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, Plaintiff was shot in the back while committing the crime that led to his imprisonment (Doc. 1, p. 5). He underwent an emergency colostomy[1] just before

---

[1] A colostomy is a surgical procedure in which one end of the large intestines is pulled through an opening (stoma) made in the abdominal wall. Stools pass through an intestinal drain through the stoma

he was incarcerated.  Plaintiff now wears a colostomy bag on his stomach.  The bag must be changed three or four times each day.

Plaintiff maintains that this device was supposed to be surgically removed more than a year ago.  For reasons not disclosed in the complaint, surgery was delayed.  Plaintiff now suffers from a variety of symptoms that he attributes to this condition, including a runny nose, headaches, dizziness, blackouts, bad stomach pain, and "wrong" bowel movements (Doc. 1, p. 5).  He also claims that he is suffering from psychological distress.

Plaintiff now sues Warden Gaetz, Dr. Shah, and Nurse Brown for violating his right to receive medical care under the Eighth and Fourteenth Amendments.  He claims that he "did everything in [his] power to get these said individual[s] to p[er]form th[e]ir duty and provide [him] with medical treatment and . . . surgery" (Doc. 1, p. 1).  He also names Pinckneyville Correctional Center as a defendant.  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief (Doc. 1, p. 8).

## Discussion

The complaint states a viable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Shah, Brown, and Gaetz.  The Eighth Amendment to the United States Constitution, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects prisoners from cruel and unusual punishment.  *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state a claim, a prisoner must show that the:

---

and into a colostomy bag that is attached to the abdomen.  Depending on the disease or injury necessitating the procedure, a colostomy can either be temporary or permanent.  *See* http://www.mayoclinic.org/tests-procedures/colectomy/multimedia/colostomy/img-20007593.

(1) medical condition was objectively serious, and; (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" when it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). When the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is sufficiently "serious" to support an Eighth Amendment claim. *Id.* Plaintiff alleges that he should have received surgery more than a year ago to remove his colostomy bag. Because he has not received this surgery, he continues to require medical attention three or four times each day. In addition, Plaintiff claims to now suffer from a range of symptoms that he attributes to the delay. The Court will not venture to guess whether all of the described symptoms actually relate to Plaintiff's need for surgery.[2] The underlying condition and unnecessary delay in surgery satisfy the objective standard for an Eighth Amendment medical needs claim at this early stage.

With regard to the subjective standard, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). At this early stage,

---

[2] For example, it is difficult to image how a runny nose relates, in any way, to Plaintiff's colostomy.

deliberate indifference claims have been stated against Defendants Shah, Brown, and Gaetz for denying Plaintiff's request for follow-up surgery.

However, Pinckneyville must be dismissed from this action with prejudice. Setting aside the fact that no allegations are included in the statement of claim against this defendant, Pinckneyville, which is a division of the Illinois Department of Corrections ("IDOC"), is not a "person" within the meaning of the Civil Rights Act. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Pinckneyville is not subject to suit.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Shah, Brown, and Gaetz, but Pinckneyville Correctional Center shall be dismissed with prejudice.

### Interim Relief

Plaintiff did not file a motion for temporary restraining order ("TRO") or preliminary injunction with his complaint. He also included no request for a TRO or a preliminary injunction in the complaint. The Court takes Plaintiff's allegations very seriously, particularly his complaints regarding blackouts, stomach pain, dizziness, and headaches. Should Plaintiff need medical care during the pending action that is being denied at Pinckneyville, Plaintiff should file a separate motion for a TRO and/or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. The motion should be filed in this action and not a separate or new action. In it, Plaintiff must set forth the specific request for relief, as well as the factual allegations that support the request.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part**, with respect to Defendants **GAETZ, BROWN,** and **SHAH**, and **DENIED, in part**, as it pertains to Defendant **PINCKNEYVILLE CORRECTIONAL CENTER**.

## Disposition

**IT IS HEREBY ORDERED** that Defendant **PINCKNEYVILLE CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **DONALD GAETZ, CHRISTINA BROWN,** and **DR. SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 3, 2015**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United State District Judge**